FILED

2013 Aug-12  AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| APRIL CHANDLER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-12-S-3701-NW |
| | ) | |
| VOLUNTEERS OF AMERICA, SOUTHEAST, INC.; *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on a motion to dismiss or, alternatively, for a more definite statement filed jointly by defendants, Volunteers of America, Southeast, Inc. ("Volunteers Southeast"), and Volunteers of America, North Alabama, Inc. ("Volunteers of North Alabama").[1]  Plaintiff, April Chandler, commenced this action against defendants, her former employers, alleging claims for "discrimination based on race, harassment based on race, a racially hostile working environment, different treatment based on race, retaliation, and termination."[2]  Her claims are based upon under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the Civil Rights Act of 1866, 42 U.S.C. § 1981; and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

---

[1] Doc. no. 5.

[2] Doc. no. 1 (Complaint), at 1.

Defendants seek the dismissal of all claims *except for* plaintiff's retaliatory discharge claim against defendant Volunteers Southeast.[3]   They contend that plaintiff's claims are duplicative of the claims she asserted against defendant Volunteers of North Alabama in *Chandler v. Volunteers of America, North Alabama, Inc.*, 10-cv-2961 ("*Chandler I* "), a case currently awaiting a jury trial on August 26, 2013, after a partial grant of summary judgment by this court.

In *Chandler I*, plaintiff asserted claims under Title VII and 42 U.S.C. § 1981 for racial discrimination and disparate treatment, a racially hostile work environment, and retaliation.[4]   This court dismissed plaintiff's retaliation and hostile work environment claims.[5]   It permitted some aspects of plaintiff's disparate treatment claim under Title VII and § 1981 to proceed to trial, while other aspects of that claim were dismissed.[6]  Defendants now argue that plaintiff's claims in the present action (*i.e.*, "*Chandler II* ") are barred by the doctrine of *res judicata*, the rule against duplicative litigation, and the first-filed rule.  Defendants also contend that the claims

---

[3] Doc. no. 5 (Motion to Dismiss), at 1, 10-11.

[4] *See* doc. no. 80 (Amended Memorandum Opinion), at 1 in Civil Action No. 10-S-2961-NW.  The court's opinion in *Chandler I* is also available at *Chandler v. Volunteers of America, North Alabama, Inc.*, No. 10-S-2961-NW, 2013 WL 832133 (N.D. Ala. Feb. 28, 2013) ("*Chandler I*").

[5] Doc. no. 80 (Amended Memorandum Opinion), at 72-73 in Civil Action No. 10-S-2961-NW; *see also Chandler I*, 2013WL 832133, at *26.

[6] *Id.*

in this case are untimely.[7]  Upon consideration, the motion to dismiss will be denied, but plaintiff will be ordered to file an amended complaint that complies with the Federal Rules of Civil Procedure.

## I.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  That rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*.  Where a

---

[7] *See generally* doc. no. 5 (Motion to Dismiss).

complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied). Moreover, a court need not accept a complaint's legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

B. **"Shotgun" Pleadings and Rules 8(a)(2), 8(d)(1), 10(b)**

The Eleventh Circuit has frequently condemned so-called "shotgun pleadings." *See*, *e.g.*, *Chapman v. AI Transport*, 229 F.3d 1012, 1027 (11th Cir. 2000) (*en banc*) (citing *Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997)). Shotgun pleadings implicate (and typically violate) several of the Federal Rules of Civil Procedure. For instance, Rule 8(a)(2) requires a pleading to contain a "short and *plain* statement of the claim" that shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2) (emphasis supplied). The purpose of that requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(d) also demands that "[e]ach allegation [in a pleading] must be *simple*, *concise*, and *direct*." Fed. R. Civ. P. 8(d)(1) (alterations and emphasis supplied). Yet there is nothing "short and plain," or "simple, concise, and direct" about a shotgun pleading; if left undisturbed, a shotgun pleading forces a court to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." *Pelletier v. Zweifel*,

4

921 F.2d 1465, 1518 (11th Cir. 1991) (alteration supplied).

Federal Rule of Civil Procedure 10(b) also provides that a party

must state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances*. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, *each claim founded on a separate transaction or occurrence* — and each defense other than a denial — *must be stated in a separate count* or defense.

Fed. R. Civ. P. 10(b) (emphasis supplied). A shotgun pleading "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (citing *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996)).

## II.  ANALYSIS

Plaintiff's eight-page complaint does not satisfy the foregoing pleading standards. The complaint lacks the details needed to discern what facts, if any, support each of plaintiff's claims. Moreover, plaintiff fails to organize her claims into separate counts. The absence of factual material also prevents any reliable evaluation of defendants' motion to dismiss; the motion raises defenses that — although not indisputably applicable — are clearly at issue given the existence and posture of *Chandler I*.

The bulk of plaintiff's effort to state the facts of her case is contained within a section entitled "Statement of Claims."[8]  Despite the title of that section, the text does not state plaintiff's claims in separately numbered counts as required by Federal Rule of Civil Procedure 10(b).  Plaintiff alleges that defendants "engaged in unlawful employment practices at its [*sic*] facilities," and that defendants' supervisors and employees subjected plaintiff to "unlawful harassment, unfair job assignments, unfair discipline, unpaid administrative leave, and other different terms and conditions, refused to address the racially hostile working environment . . . , gave [plaintiff] unfair employment options, and wrongfully terminated her."[9]  Those statements are either unadorned "labels and legal conclusions," "formulaic recitation[s] of the elements," mere repetitions of the types of claims that plaintiff attempts to allege, or lack the specificity required to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The allegations contained in paragraphs 11 through 18 of the complaint are not properly pled.  *See id.*  Importantly, especially given the potential application of *res judicata*, those statements do not indicate *which* supervisors and employees harassed or discriminated against plaintiff, *what* particular actions they took, and *when* they took those actions.  Plaintiff cannot plead her case in such an opaque and vague

---

[8] *See* doc. no. 1 (Complaint) ¶¶ 11-18.

[9] *Id.* ¶¶ 14-15.

6

manner, especially when it prevents the court from evaluating whether she is simply rehashing claims disposed of (or still pending) in *Chandler I.*

Moreover, the complaint impermissibly fails to distinguish the actions of defendant Volunteers of North Alabama from those of defendant Volunteers Southeast.  *See*, *e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (disapproving of a shotgun pleading that made no distinction between the actions taken by different defendants); *see also Twombly*, 550 U.S. at 555 (noting that each defendant must be given fair notice of the basis for the claims against it, as distinguished from the claims asserted against some other defendant or defendants). Instead, the complaint either lumps the defendants together as apparently synonymous entities,[10] or makes allegations in the ambiguous passive voice (*e.g.*, plaintiff "was terminated," and black employees "were treated differently" and "were retaliated against")[11] — pleading deficiencies that beg this question: "By which defendant were such actions inflicted, Volunteers of North Alabama, or Volunteers Southeast?"

Plaintiff's complaint does "adopt[] and incorporate[] herein by reference her statements and complaints" in her two EEOC Charges made on August 7, 2011.[12]

---

[10] *See*, *e.g.*, *id.* ¶ 14 (alleging that Volunteers of North Alabama and Volunteers Southeast "engaged in unlawful employment practices at *its* facilities in Florence, Lauderdale County, Alabama, and in Lauderdale County, Alabama . . . .") (emphasis supplied).

[11] *Id.* ¶¶ 12-13.

[12] *Id.* ¶ 11 (alterations supplied).

7

Those Charges are attached to the complaint.[13]  It is not clear why plaintiff filed two EEOC Charges:  each Charge names *both* defendants as discriminating employers, and each alleges *identical* facts.  In any event, the EEOC Charges contain the following allegations, with paragraph breaks supplied for the ease of the reader:

> I am an African-American female.  I worked for Volunteers of American, North Alabama, Inc. ("VOANA") until it became Volunteers of America, Inc., Southeast, Inc. ("VOASE").  I opposed the racial discrimination and racial harassment of black employees at both VOANA and VOASE.  I have been retaliated against by being placed on administrative leave, my work schedule has been adversely affected, and many other things.  I complained about and reported how black VOANA and VOASE employees were singled out, discriminated against, racially harassed, and retaliated against for complaining about and reporting how racially hostile the work place was at VOANA and VOASE and how black employees were discriminated against because of their race, black, and harassed because of their race, black.

> For example, Nicole Jones, who is white, and Susan Manno, who is white, in April of this year [*i.e.*, 2011] wrote up the black employees who worked under my supervision in House 87 for uncleanliness in retaliation for complaining about racial discrimination, racial harassment, and VOASE's being a racially hostile place to work and did not write up the employees in House 32.  I was the resident supervisor of House 87.

---

[13] *See* doc. no. 1-1 (Attachments to Complaint), at ECF 2 (Ex. A, EEOC Charge No. 420-2011-02596), 4 (Ex. C, EEOC Charge No. 420-2012-00521).  "ECF is the acronym for Electronic Case Filing, a filing system that allows parties to file and serve documents electronically." *Atterbury v. Foulk*, No. C-07-6256 MHP, 2009 WL 4723547, at *6 n.6 (N.D. Cal. Dec. 8, 2009). Bluebook Rule 7.1.4 allows citation "to page numbers generated by the ECF header." *Wilson v. Fullwood*, 772 F. Supp. 2d 246, 257 n.5 (D. D.C. 2011) (citing The Bluebook: A Uniform System of Citation R. B. 7.1.4, at 21 (Columbia Law Review Ass'n *et al.* eds., 19th ed. 2010)).  Even so, the Bluebook recommends "against citation to ECF pagination in lieu of original pagination." *Wilson*, 772 F. Supp. 2d at 257 n.5.  Thus, unless stated otherwise, this court will cite to the original pagination in the parties' pleadings.  When the court cites to pagination generated by the ECF header, it will, as here, precede the page number with the letters "ECF."

The resident supervisor of House 32 is white.  VOASE promoted Nicole Jones in spite of her racial animosity against black VOANA and VOASE employees.

Teresa Stephenson coerced me into writing false statements about my former immediate supervisor who is black and then forged my signature or had my signature forged on the statement.  VOASE retaliated against me and fired me on May 4, 2011 because I am black and because I opposed, complained about, and reported the racially hostile environment at VOASE, the daily racial discrimination that occurred at VOASE, and the daily racial harassment at VOASE.  It would not do me any good and it would be futile for me to try to have used VOASE's grievance procedure regarding these matters and my termination.  I previously filed a Charge against VOANA on May 5, 2009 with the EEOC [*i.e.*, the Charge in *Chandler I*].  My previous charge should be construed along with this Charge.[14]

While plaintiff's EEOC Charges do, unlike the complaint itself, provide some factual detail, deficiencies remain.

First, some of the above allegations do not pertain to actions taken against plaintiff.  For instance, the second paragraph addresses the plight of other employees under plaintiff's supervision who were allegedly discriminated against and harassed. Plaintiff, of course, does not have standing to raise the claims of other employees.

More importantly, plaintiff's indiscriminate, wholesale incorporation of the facts in her EEOC Charge, combined with her failure to organize her claims into separate counts as required by Rule 10(b), creates a textbook example of a "shotgun pleading."  *See*, *e.g.*, *Anderson v. District Board of Trustees of Central Florida*

---

[14] *Id.* at ECF 2, 4 (alterations and paragraph breaks supplied).

9

*Community College*, 77 F.3d 364, 366 (11th Cir. 1996) (Plaintiff's "complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.") (internal citation omitted). The "aggregate negative effects of shotgun pleadings on trial courts have been noted with great concern by" the Eleventh Circuit. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295-96 n.10 (11th Cir. 2002); *see also id.* at 1295 n.9 (reviewing Eleventh Circuit cases that exhibit "great dismay" regarding shotgun pleadings); *Byrne v. Nezhat*, 261 F.3d 1075, 1129-32 (11th Cir. 2001) (thoroughly explaining the evils of shotgun pleadings).

Given the valid concerns expressed by the Eleventh Circuit, plaintiff will not be allowed to use a poorly drafted and deficient complaint to force defendants (as well as the court) to divine the nature of and facts supporting each of her claims. *See, e.g., Pelletier v. Zweifel*, 921 F.2d 1465, 1517 (11th Cir. 1991) (disapproving of a shotgun pleading that required defendant and the court to "sift through the facts presented and decide for themselves which were material to the particular cause of action asserted"). Instead, the proper course is to require plaintiff to replead her claims in conformity with the Rules.

### III. CONCLUSION AND ORDER

Defendants' motion to dismiss is DENIED, but their alternative request for a

10

more definite statement is GRANTED.  Plaintiff is ORDERED to file, by September 6, 2013, an amended complaint that complies with the Federal Rules of Civil Procedure, especially Rules 8 and 10.  The amended complaint must organize plaintiff's claims into separate counts. Each count must state the facts that support it. Each count must also specifically identify the defendant against which the claim is asserted.  Plaintiff should distinguish actions taken by Volunteers of North Alabama from actions taken by Volunteers Southeast, and indicate when each defendant's respective actions were taken, and, by which employee(s) of that defendant the actions were taken.  Plaintiff's further failure to comply with Federal Rules of Civil Procedure or this order may result in the dismissal of her claims with prejudice.

DONE and ORDERED this 12th day of August, 2013.

_____
United States District Judge

11