IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| APRIL D. CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| VOLUNTEERS OF AMERICA, | ) | 3:12-cv-03701-AKK |
| NORTH ALABAMA, INC., | ) | (JURY DEMAND) |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF APRIL D. CHANDLER'S MOTION FOR RECUSAL**

Plaintiff April D. Chandler ("Chandler") moves District Judge Abdul Kallon ("Judge Kallon") to recuse himself from the within case based on 28 U.S.C. § 455.[1] A federal judge "shall" disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also "shall" disqualify himself "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

Judge Kallon has made derogatory and inappropriate statements about Chandler and her credibility. Specifically, Judge Kallon, in open court prior to her

---

[1] Chandler has also filed a motion for Judge Kallon to recuse in another case in which she is the plaintiff and he is the judge. <u>April D. Chandler v. Volunteers of America, North Alabama Inc.</u> In the United States District Court For The Northern District of Alabama, Northwestern Division, Case No.: 3:10-cv-02971-AKK.

testimony in the trial of the case of <u>King v. Volunteers of America, North Alabama, Inc.</u> In the United States District Court for the Northern District of Alabama, Northwestern Division, Civil Action No. 3:08-cv-00856-AKK, explicitly used the word "hothead" to describe Chandler.[2]  Judge Kallon's statement clearly reflects his true, personal, and <u>ad hominem</u> belief about Chandler's credibility and claims.

Judge Kallon also cross-examined Chandler extensively in front of the <u>King</u> jury.  When viewed in conjunction with Judge Kallon's "hothead" statement, this line of questioning may have inappropriately communicated to the jury his personal opinion that Chandler was not a credible witness and/or his personal opinion that King's claims were not meritorious.  While a judge is undoubtedly permitted to question witnesses, he may not abandon his proper neutral role and assume the role of an advocate.  <u>See</u> FED. R. EVID. 614 and commentary.  Judge Kallon has never been a factfinder in Chandler's cases and King's case, and it was inappropriately extrajudicial to remark on Chandler's credibility as a witness or party.

Judge Kallon's tone was hyper-critical and inappropriately personal regarding Chandler. His language was intentionally critical, partisan, or inflammatory. The most

---

[2]In no way does this statement reflect a proper exercise of the Court's authority to maintain control over its docket. It clearly suggests a "high degree of . . . antagonism". To illustrate the antagonism inherent in this kind of <u>ad hominem</u> name-calling, it is easy to imagine Judge Kallon's own personal reaction - or the reaction of any other District Judge - if anyone dared to call them a "hothead" in open court.

disturbing thing about these remarks is that they are completely unfounded and unsubstantiated. Representing the District Court as a supposedly neutral and unbiased referee, Judge Kallon should not engage in this kind of personal and inappropriate antipathy.

Because District Judge Kallon's impartiality might reasonably be questioned, justice is best served by random reassignment of this case. See, e.g., Reese v. Herbert, 527 F.3d 1253, 1271 (11th Cir. 2008) (reminding that a federal judge should not generally comment on the credibility of witnesses or question the probative value of their testimony). This new name-calling evidence supports a finding that Judge Kallon is biased against Chandler. Judge Kallon's comments reveal "deep-seated favoritism or antagonism that would make fair judgment impossible" and seems to "reveal such a high degree of . . . antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555-56 (1994). "A favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' . . . even though it springs from the facts adduced or the events occurring at trial [if] it is so extreme as to display clear inability to render fair judgment." Id. at 551.

Chandler does not believe Judge Kallon has been or can be impartial in her cases. See Chandler's February 12, 2014 Declaration, Exhibit A hereto. Accordingly, justice is best served by random reassignment. This motion is not submitted for

tactical advantage, but rather to encourage "the just, speedy, and inexpensive determination" of this litigation.  FED. R. CIV. P. 1.

Judge Kallon should recuse and this case should be reassigned.[3]

/s/Michael L. Weathers
    Michael L. Weathers
    Attorney for Plaintiff April D. Chandler
    101 Courtview Towers
    Florence, Alabama 35630-5417
    (256) 764-1318 (Telephone)
    (256) 764-1319 (Facsimile)
    E-mail Address: michael.l.weathers@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 12th day of February 2014, I electronically filed the foregoing Plaintiff April D. Chandler's Motion For Recusal with the Clerk of this Court using the CM/ECF system which will send notification of such filing to Defendants' counsel.

/s/Michael L. Weathers
    Michael L. Weathers

---

[3] If Judge Kallon refuses and the Eleventh Circuit Court of Appeals eventually finds that this was error, then every ruling in this litigation might reasonably be questioned.  This would be highly wasteful and inefficient.  Justice and these parties are best served by a responsible recusal.